

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-83,298-02

**EX PARTE JAMES E. CASTLE, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. W13-71038-K(B) IN CRIMINAL DISTRICT COURT NO. 4
### FROM DALLAS COUNTY

**ALCALA, J., filed a concurring opinion in which JOHNSON, J., joined.**

## CONCURRING OPINION

I respectfully concur in this Court's order that remands this application to the convicting court. I, however, do not join the Court's order. For the reasons explained in my concurring opinion in *Ex parte Pointer*, I would include language in the Court's order advising the habeas court of its statutory obligation to appoint post-conviction counsel to an indigent *pro se* habeas applicant if the court determines that the interests of justice require representation. *See Ex parte Pointer*, Nos. WR-84,786-01 & WR-84,786-02, 2016 WL 3193254 (Tex. Crim. App. June 8, 2016) (Alcala, J., concurring) (citing TEX. CODE CRIM. PROC. art. 1.051(d)(3) ("An eligible indigent defendant is entitled to have the trial court

appoint an attorney to represent him in . . . a habeas corpus proceeding if the court concludes that the interests of justice require representation")).  Because the Court's order omits any reference to this statutory provision that entitles an indigent *pro se* habeas applicant to appointed counsel under certain circumstances, I cannot join the Court's order.  Aside from my disagreement with the language in this Court's order, I otherwise respectfully concur.

Filed: September 14, 2016

Do not publish